## DOUGLASS BUSSEY v. THE STATE.

### No. 2648.   Decided November 5, 1913.

**1.—Assault to Murder—Intent to Kill—Charge of Court.**

Where, upon trial of assault to murder, the evidence showed that the assault was inflicted with a deadly weapon in such a way as to show an intention to kill and without showing or tending to show that there was no intention to kill, there was no error in the court's failure to submit aggravated assault on subdivisions 7 and 8 of article 1022, Penal Code.

**2.—Same—Aggravated Assault—Charge of Court..**

Where the court's charge on aggravated assault arising from sudden passion, etc., when taken as a whole, correctly applied to the evidence upon that issue and did not apply to the charge on self-defense as contended, there was no error.

**3.—Same—Threats—Charge of Court.**

Where the court's charge on threats permitted the jury to consider the same with reference to his charge on aggravated assault, and did not limit the same as contended to the assault to murder, there was no error.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence sustained the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Shelby.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stephen Chamness* and *Carter & Walker*, for appellant.—On question of the court's failure to charge the jury on specific intent to kill, etc.: Scott v. State, 60 Texas Crim. Rep., 318, 131 S. W. Rep., 1072; Armstrong v. State, 60 Texas Crim. Rep., 316, 131 S. W. Rep., 1074; Thomas v. State, 60 Texas Crim. Rep., 84, 131 S. W. Rep., 314; Prescott v. State, 52 Texas Crim. Rep., 35; Kinslow v. State, 66 Texas Crim. Rep., 430, 147 S. W. Rep., 249; Malone v. State, 60 Texas Crim. Rep., 509, 132 S. W. Rep., 769; Henderson v. State, 55 Texas Crim. Rep., 15, 115 S. W. Rep., 45; Pastrana v. State, 87 S. W. Rep., 347.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to murder and his punishment fixed at two years in the penitentiary.   This is the second appeal in this case.   The first is reported in 153 S. W. Rep., 874.

Appellant's main contention now is, and he so contended on the other appeal, that the court should have submitted aggravated assault under subdivisions 7 and 8 of article 1022, Penal.Code. We have again carefully considered the evidence on this appeal. It is in no way substantially different from what it was on the other appeal. In fact, it is substantially the same on this point. We are still of the opinion that the court should not have submitted aggravated assault under either of the subdivisions of said article as contended by appellant. See the opinion on the other appeal and the cases therein cited. The evidence shows, from the State's standpoint, that the appellant deliberately and wilfully shot the assaulted party with a shotgun which was a deadly weapon, within a very short distance,—only twelve to fifteen feet distance. His side would show self-defense, and that only, and the court properly submitted that, the jury finding against him. The appellant in no way testified that he did not intend to kill the assaulted party, but in effect testified that he shot at him solely and only to defend himself, in self-defense. We think the line of cases cited and relied upon by appellant are not in point, because in those cases the assaults were usually committed with an ordinary pocket knife or with such weapon as was not necessarily a deadly weapon, and, in effect, the testimony in those cases showed, or raised the question, that the injuries inflicted were inflicted without any intention of killing. This case comes under that line of decisions cited in the opinion on the other appeal, which are to the effect that the assault was inflicted with a deadly weapon in such way as to show an intention to kill and without showing that there was no intention to kill.

Appellant complains at that part of the court's charge defining sudden passion and what was necessary and proper to be considered in determining whether the assault was committed with sudden passion, etc., to the effect that the charge makes no reference on this subject to aggravated assault, but claims that it tends rather to be applicable to the charge on self-defense only. We think the appellant's contention is not borne out at all·by the record, but that to take the charge as a whole, which must always be done, it of and within itself shows that it was intended to apply, and does apply, to the charge on aggravated assault and has no application to the charge on self-defense.

Neither is appellant's criticism of a portion of the court's charge on the ground of threats correct, his contention being that by this portion of the court's charge he limited it to the consideration of the charge of an assault with intent to murder, and does not permit it to be considered with reference to his charge on aggravated assault. Clearly we think the charge is not restricted, as appellant contends, but embraces wholly and fully both offenses,—assault with intent to murder and aggravated assault, and the jury could not have otherwise understood.

The evidence was clearly sufficient to sustain the verdict and appellant's contention that it was wholly insufficient to sustain an assault with intent to murder, and that it was only sufficient to sustain an aggravated

assault is untenable.    There being no reversible error, the judgment is affirmed.

*Affirmed.*